```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       ATHENS DIVISION
```

| | |
|---|---|
| BARBARA SETCHEL, | * |
| Plaintiff, | * |
| vs. | *   CASE NO. 3:09-CV-92 (CDL) |
| HART COUNTY SCHOOL DISTRICT, *et al.*, | * |
| | * |
| Defendants. | * |

O R D E R

Plaintiff alleges that Defendants violated her federal and state due process rights when they demoted her to a teacher position and unilaterally eliminated her local salary supplement. Defendants respond that existing state law remedies were available to Plaintiff which provide adequate due process, and thus her constitutional due process rights have not been violated. Defendants therefore seek dismissal of Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendants' Motion to Dismiss (Doc. 3) Plaintiff's federal law claims and declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which are dismissed without prejudice.

MOTION TO DISMISS STANDARD

"[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997)

(per curiam). In reviewing a motion to dismiss under Rule 12(b)(6), a court must "constru[e] the complaint in the light most favorable to the plaintiff and accept[] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). "Of course, 'a formulaic recitation of the elements of a cause of action will not do.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims. *Id.* at 1296 (citations and internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).

## BACKGROUND

**I.  Factual Allegations**

Plaintiff was employed as a teacher with Defendant Hart County School District during the 1989-1990 school year. (Compl. ¶ 13.) Plaintiff became an assistant principal during the 1991-1992 school year, and her assistant principal employment contract was renewed for the 1992-1993 and the 1993-1994 school years. (*Id.* ¶¶ 13, 14.) On March 28, 1994, Plaintiff accepted a contract as assistant principal

for the 1994-1995 school year, and Plaintiff contends that she acquired a property right in her continued employment as assistant principal.  (*Id.* ¶ 14.)  During the 2003-2004 school year, the principal of North Hart Elementary School retired, and Plaintiff was assigned to fill the principal position beginning February 1, 2004.  (*Id.* ¶ 17.)  Plaintiff continued to serve as principal of North Hart Elementary School through the 2008-2009 school year.  (*Id.*)

On February 12, 2009, the Hart Count Board of Education ("Board") met and voted unanimously, based on the recommendation of Defendant David Hicks, the Superintendent of the Hart County School District, to non-renew Plaintiff's contract as school principal.  (*See id.* ¶ 18; *see also* Ex. A to Compl., Letter from David Hicks to Barbara Setchel, Mar. 6, 2009.)  The Board offered Plaintiff a teaching position with pay commensurate with what an assistant principal of an elementary school would be paid in Hart County schools.  (Compl. ¶ 18.)  Plaintiff alleges that she was not provided with a hearing or written notice of this "demotion" as required under O.C.G.A. § 20-2-942(b)(2).[1]  (*Id.* ¶¶ 19, 20.)  Plaintiff further

---

[1] O.C.G.A. § 20-2-942(b)(2) provides in relevant part:

> In order to demote or fail to renew the contract of a teacher who accepts a school year contract for the fourth or subsequent consecutive school year from the same local board of education, the teacher must be given written notice of the intention to demote or not renew the contract of the teacher. . . .  Such notice shall contain a conspicuous statement in substantially the following form:
>
> > You have the right to certain procedural safeguards before you can be demoted or dismissed.  These safeguards include

alleges that in October 2008,[2] Defendants unilaterally eliminated her local salary supplement without a hearing as required under O.C.G.A. 20-2-212.[3]  (*Id.* ¶ 21.)

## II. Plaintiff's Claims

Plaintiff contends that Defendants' actions—the alleged demotion and the unilateral elimination of her local salary supplement—violated her procedural due process rights under (1) the Fourteenth Amendment to the United States Constitution (Compl. ¶¶ 22-23), and (2) Georgia constitutional and statutory law (*id.* ¶¶ 24-25).

Plaintiff seeks a "preliminary and permanent injunction restraining the defendants . . . from implementing the demotion described herein and requiring that her local supplement from the previous year to be restored." (*Id.* ¶ 26.)  Plaintiff further seeks

---

> the right to notice of the reasons for the action against you and the right to a hearing.

[2]Plaintiff alleges in her Complaint that the elimination of her local salary supplement occurred in October 2009. (Compl. ¶ 21.)  The alleged elimination actually occurred in October 2008.  (Pl.'s Resp. to Defs.' Mot. to Dismiss [hereinafter Pl.'s Resp.] 4 n.2.)

[3]O.C.G.A. § 20-2-212(b) provides in part:

> In any fiscal year in which such personnel receive an increase under the minimum salary schedule, a local unit of administration shall not decrease any local salary supplement for such personnel below the local supplement amount received in the immediately preceding fiscal year by those personnel of that local unit of administration unless such local unit of administration has conducted at least two public hearings regarding such decrease, notice of which hearings, including the time, place, agenda, and specific subject matter of the meeting, the local unit shall cause to be published in the legal organ of the county which is the legal situs of such local unit one time at least seven days prior to the date such hearings are to be held.

4

"compensatory damages for the mental and emotional pain and suffering which she has suffered as a result of defendants' unlawful actions" (*id.* ¶ 27), as well as "reasonable attorney's fees and expenses of litigation as authorized by 42 U.S.C. § 1988, and under O.C.G.A. § 13-6-11" (*id.* ¶ 28(e)).

## DISCUSSION

### I. Plaintiff's Federal Procedural Due Process Claims

Plaintiff alleges that Defendants violated her federal procedural due process rights when Defendants allegedly demoted her to a teacher position without following the procedural requirements under O.C.G.A. § 20-2-942(b)(2). Plaintiff further alleges that Defendants violated her federal procedural due process rights when Defendants eliminated her local salary supplement without following the procedural requirements under O.C.G.A. § 20-2-212(b). Assuming, without deciding, that Defendants infringed upon a protected property interest, the Court finds that the existence of adequate state law remedies provides sufficient due process.[4] Therefore, the Court finds

---

[4]Defendants deny that Plaintiff's reassignment to a teacher position with pay at the level of an elementary school assistant principal is a "demotion" under O.C.G.A. § 20-2-943(a)(2)(C). (Br. in Supp. of Defs.' Mot. to Dismiss [hereinafter Defs.' Br.] 5-6, 11-12; Reply Br. in Supp. of Defs.' Mot. to Dismiss [hereinafter Defs.' Reply Br.] 7-9.) *See, e.g., Hamilton v. Telfair County Sch. Dist.*, 265 Ga. 304, 304, 455 S.E.2d 23, 23 (1995) ("In order to establish that a transfer constitutes a demotion, one must show that there has been an adverse effect on one's salary, responsibility, and prestige. Unless all three features are affected, the transfer will not be considered a demotion." (citations omitted)). Defendants further deny that Plaintiff has a protected property interest in her local salary supplement under O.C.G.A. § 20-2-212(b). (Defs.' Br. 14; Defs.' Reply Br. 9.)

that Plaintiff's federal procedural due process claims fail to state a claim upon which relief can be granted.

### A. Existence of Adequate State Remedies

"The due process clause provides that the rights to life, liberty, and property cannot be deprived except pursuant to constitutionally adequate procedures." *Hatcher v. Bd. of Pub. Educ. & Orphanage for Bibb County*, 809 F.2d 1546, 1548-49 (11th Cir. 1987). Plaintiff alleges in her Complaint the deprivation of property interests. For the purposes of this Order, the Court accepts these allegations as true. "[T]he question remains what process is due." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) (internal quotation marks omitted).

To state a claim under § 1983 for denial of procedural due process, an individual must show that "the state refuse[d] to provide a process sufficient to remedy the procedural deprivation." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc). In other words, "[i]t is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim." *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000) (per curiam).

> This rule (that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation) recognizes that the state must have the opportunity to "remedy the procedural failings of its subdivisions and agencies in the appropriate fora-agencies, review boards, and state courts" before being subjected to a claim alleging a procedural due process violation.

6

*Id.* at 1331 (quoting *McKinney*, 20 F.3d at 1560).

Therefore, if adequate state remedies exist but Plaintiff failed to take advantage of them, Plaintiff "cannot rely on that failure to claim that the state deprived [her] of procedural due process." *Cotton*, 216 F.3d at 1331. Furthermore, "to be adequate, the state procedure need not provide all the relief available under section 1983." *Id.* Rather, "the state procedure must be able to correct whatever deficiencies exist and to provide [P]laintiff with whatever process is due." *Id.* For the following reasons, the Court finds that adequate procedures exist under state law that protect Plaintiff's constitutional due process rights.

B. <u>The Alleged Demotion and Unilateral Elimination of Local Salary Supplement</u>

Several state law remedies are available to Plaintiff which provided sufficient due process for the alleged deprivations Plaintiff suffered in this case. First, Plaintiff may request a hearing under O.C.G.A. § 20-2-1160(a) to determine whether her transfer constituted a reassignment or a demotion under Georgia's Fair Dismissal Act, O.C.G.A. § 20-2-940, *et seq*. *See Emerson v. Bible*, 247 Ga. 633, 634, 278 S.E.2d 382, 382-83 (1981) (finding that determination of whether transfer constitutes reassignment or demotion is "matter of local controversy" that local school board has authority to adjudicate under Ga. Code Ann. § 32-910 (now O.C.G.A. § 20-2-1160)). Plaintiff may also request a hearing to determine whether the unilateral elimination of the local salary supplement was

a deprivation of a protected property interest under O.C.G.A. § 20-2-212(b).  *See* O.C.G.A. § 20-2-1160(a) ("Every . . . independent board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, with power to summon witnesses and take testimony if necessary.").

If Plaintiff requested a hearing under O.C.G.A. § 20-2-1160(a) and the Board refused to hold one, Plaintiff could seek a writ of mandamus compelling the Board members to conduct such a hearing regarding the alleged demotion and the unilateral elimination of Plaintiff's local salary supplement.  O.C.G.A. § 9-6-20 ("All official duties should be faithfully performed, and whenever . . . a defect of legal justice would ensue from a failure to perform or from improper performance, the writ of mandamus may issue to compel a due performance if there is no other specific legal remedy for the legal rights[.]"); *see, e.g., Wilbourne v. Forsyth County Sch. Dist.*, 306 F. App'x 473, 477 (11th Cir. 2009) (per curiam) (determining that teacher's claim under § 1983 for denial of procedural due process failed because teacher had adequate state law remedy of mandamus to compel state agency to provide due process); *Mason v. Clayton County Bd. of Educ.*, No. 08-16131, 2009 WL 1383352, at *2 (11th Cir. May 19, 2009) (per curiam) (concluding that defendants' refusal to renew teaching contract did not deprive plaintiff of procedural due process

8

because plaintiff failed to utilize available state law remedy of mandamus).

Lastly, Plaintiff could have pursued a direct action against Defendants in state court if Plaintiff thought she was deprived of a hearing to which she was entitled. *See, e.g., Atlanta Pub. Sch. v. Diamond*, 261 Ga. App. 641, 643, 583 S.E.2d 500, 503 (2003) (noting that because local board refused to hold hearing, it would have been futile to appeal refusal to State Board of Education, and thus, plaintiff's "failure to exhaust futile administrative remedies would not bar a direct proceeding before the superior court"); *Narey v. Dean*, 32 F.3d 1521, 1527-28 (11th Cir. 1994) (concluding that demoted state employee could not claim that state deprived him of procedural due process where he did not take advantage of opportunity of state court review).

Plaintiff contends that these state law remedies—a hearing under O.C.G.A. § 20-2-1160(a), a writ of mandamus, and a direct action against Defendants in state court—do not sufficiently redress her deprivations of due process because she seeks attorney's fees and compensatory damages arising out of her alleged emotional distress, and none of these suggested remedies provide for such damages. (Pl.'s Resp. 9-11, 13-14.)  The Court finds this argument unpersuasive. "[T]he state's remedial procedure[s] need not provide all relief available under section 1983; as long as the remed[ies] could have fully compensated . . . [Plaintiff] for the property loss

9

[s]he suffered, the remedy satisfies procedural due process." *McKinney*, 20 F.3d at 1564 (citation & internal quotation marks omitted); *cf. Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981) (finding that state law remedies were sufficient to satisfy requirements of due process although state law remedies provided only for action against state, and state law remedies did not provide for punitive damages or trial by jury), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

Plaintiff also contends that her failure to pursue the available state law remedies should not prevent her from pursuing her federal procedural due process claims in this case. (*Cf.* Pl.'s Resp. 14 ("[I]t would be meaningless to require that the remedy of mandamus be invoked before the remedy of § 1983 was available.").) The Court disagrees.

> The *McKinney* rule is not micro in its focus, but macro. It does not look to the actual involvement of state courts or whether they were asked to provide a remedy in the specific case now before the federal court. Instead, the *McKinney* rule looks to the existence of an opportunity—to whether the state courts, if asked, generally would provide an adequate remedy for the procedural deprivation the federal court [P]laintiff claims to have suffered. If state courts would, then there is no federal procedural due process violation regardless of whether the [P]laintiff has taken advantage of the state remedy or attempted to do so.

*Horton v. Bd. of County Comm'rs of Flagler County*, 202 F.3d 1297, 1300 (11th Cir. 2000). Accordingly, the Court finds that there are adequate state law remedies available that afford sufficient due

10

process, and therefore, Defendants' motion to dismiss as to Plaintiff's federal due process claims is granted.

## II. Plaintiff's State Law Procedural Due Process Claims

Plaintiff also alleges that Defendants' actions violated her procedural due process rights under Georgia constitutional and statutory law.  District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  District courts have supplemental jurisdiction over all other claims, including state law claims, that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  However, a district court "may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367(a)] if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"  28 U.S.C. § 1367(c)(3).

In this case, the Court has dismissed Plaintiff's federal procedural due process claims.  Recognizing that "[b]oth comity and economy are served when issues of state law are resolved by state courts," the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). Accordingly, Plaintiff's state law claims are dismissed without prejudice.

CONCLUSION

As discussed above, the Court finds that Plaintiff's federal due process claims under the Fourteenth Amendment to the United States Constitution, brought pursuant to § 1983, fail to state a claim upon which relief can be granted because there are adequate state law remedies available that afford due process. Accordingly, Defendants' Motion to Dismiss (Doc. 3) Plaintiff's federal claims pursuant to Rule 12(b)(6) is granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and those claims are dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

IT IS SO ORDERED, this 6th day of November, 2009.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE